UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOSEPH J. SHELTON, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS** <br> 4115 Chesapeake Street, N.W. <br> Washington, D.C. 20016, <br><br> and <br><br> **BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE EMPLOYERS HEALTH AND WELFARE FUND** <br> 1125 Seventeenth Street, N.W. <br> Washington, D.C. 20036, <br><br> and <br><br> **BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PLCA NATIONAL PIPE LINE TRAINING FUND** <br> 1125 Seventeenth Street, N.W. <br> Washington, D.C. 20036, <br><br> and <br><br> **BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND** <br> 1125 Seventeenth Street, N.W. <br> Washington, D.C. 20036, <br><br> and <br><br> **BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE CONTRACTORS ASSOCIATION LABOR-MANAGEMENT COOPERATION TRUST** <br> 1125 Seventeenth Street, N.W. <br> Washington, D.C. 20036, <br><br> Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **C O M P L A I N T** |

|  |  |
|---|---|
| | ) |
| v. | ) |
| | ) |
| **OZ DIRECTIONAL DRILLING, INC.** | ) |
| 36600 N. Pima Road, Suite 402 | ) |
| Carefree, Arizona 85377 | ) |
| | ) |
| Defendant. | ) |

## <u>COMPLAINT</u>

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

### <u>PARTIES</u>

1.      Plaintiff, Joseph J. Shelton, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.  The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health and Welfare Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

3.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The Board of Trustees is the designated fiduciary in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The National Pipe Line Training Fund is funded as required by collective

bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

4.      The Plaintiff Board of Trustees of the International Union of Operating Engineers National Training Fund ("National Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The National Training Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37).  The National Training Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the National Training Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1). The National Training Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

5.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Contractors Association Labor-Management Cooperation Trust ("Labor-Management Cooperation Trust") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Labor-Management Cooperation Trust is established and maintained according to the provisions of its Agreement and Declaration of Trust. The Labor-Management Cooperation Trust is administered by its Trustees at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The Board of Trustees is a designated fiduciary in accordance with the Labor-Management Cooperation Trust's Agreement and Declaration of Trust.

6.     Defendant Oz Directional Drilling, Inc. is an Arizona corporation that is registered as a foreign corporation in Texas, has an office at 36600 N. Pima Road, Suite 402 in Carefree, Arizona 85377, and at all times relevant to this action has been "an employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction of this action under Sections 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions, pursuant to a collective bargaining agreement.

8.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

9.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## FACTS

10.     The Defendant has been bound at all relevant times to the National Pipe Line Agreement with the International Union of Operating Engineers ("Collective Bargaining Agreements") that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

11.     Pursuant to, *inter alia*, the Collective Bargaining Agreements, the Defendant agreed to pay certain sums of money to the Plaintiff for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

12.     During the period February 2020 through the present, the Defendant has employed employees performing work under the Collective Bargaining Agreements.

13.     During the periods February 2020 through October 2020 and July 2021 through October 2021, the Defendant failed to report and pay all contributions owing to the Plaintiffs.

14.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

15.      Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum or, for the Labor-Management Cooperation Fund, at a rate to be determined and established by the Board of Trustees.

16.     Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

17.     The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which become due, are estimated to be due, or are discovered as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS)

18.     The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 17 as if fully set forth in this Count I.

19.     The Defendant has failed to report hours worked and pay contributions owed to the Central Pension Fund, Health and Welfare Fund, Pipe Line Training Fund, and National Training Fund as required by the Collective Bargaining Agreements for work performed during the periods February 2020 through October 2020 and July 2021 through October 2021.

20.     Based on information available to the Central Pension Fund, Health and Welfare Fund, Pipe Line Training Fund, and National Training Fund, the Defendant has failed to pay contributions owed to the Funds as required by the Collective Bargaining Agreements for work performed during the periods February 2020 through October 2020 and July 2021 through October 2021 in the approximate amount of $854,976.55.

21.     By virtue of the failure to report and pay all contribution amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements, the obligations under the Funds' respective Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

22.     The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Funds.

23.     The Funds are entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

## COUNT II

### (OTHER CONTRIBUTION PAYMENTS)

24.     The Labor-Management Cooperation Trust hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in Count II.

25.     Pursuant to the Collective Bargaining Agreements, the Defendant agreed to report and pay to the Labor-Management Cooperation Trust certain sums of money for each hour worked by Defendant's employees covered by the Agreements.

26.     The Defendant employed certain employees covered by the Collective Bargaining Agreements, but failed to report and pay the entire amounts when due to the Labor-Management Cooperation Trust during the periods April 2020 through July 2020 and July 2021 through October 2021.

27.     Based on information available to the Labor-Management Cooperation Trust, the Defendant has failed to pay contributions owed to the Labor-Management Cooperation Trust as required by the Collective Bargaining Agreements during the periods April 2020 through July 2020 and July 2021 through October 2021 in the approximate amount of $1,334.50.

28.     By virtue of failure to report and pay all contribution amounts as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Labor-Management Cooperation Trust's Agreement and Declaration of Trust.

29.     The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Labor-Management Cooperation Trust.

30.     The Labor-Management Cooperation Trust is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

## **COUNT III**

### **(AUDIT)**

31.     The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 30 as if fully set forth in this Count III.

32.     An audit of the Defendant's records for the period February 2020 through the present will permit the Plaintiffs to determine whether the Defendant is properly reporting and paying the contribution amounts owed to the Plaintiffs.

33.     Under the terms of the Plaintiffs' respective Restated Agreements and Declarations of Trust, applicable law, and the Agreements, the Plaintiffs are entitled to conduct an audit of the Defendant's records, at the Defendant's expense.

**WHEREFORE,** the Plaintiffs pray judgment against the Defendant on Counts I, II, and III of the Complaint as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed during the periods February 2020 through October 2020 and July 2021 through October 2021.

B.     For liquidated damages and interest for any late-paid and unpaid contributions owed as provided for in the Agreements, Restated Agreements and Declarations of Trust, and/or pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C.     For such contributions, interest and liquidated damages which become due, are estimated to be due, or are discovered as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment pursuant to the Agreements, Restated Agreements and Declarations of Trust, and/or 29 U.S.C. § 1132(g)(2).

D.     For audits fees, costs, and reasonable attorneys' fees up to the date of judgment as required by the Agreements, Restated Agreements and Declarations of Trust, and/or as required by 29 U.S.C. § 1132(g)(2).

E.     For a Court Order requiring Defendant to submit all payroll books and records to Plaintiffs for an audit at the Defendant's expense for the period February 2020 through the date the

audit is completed, and for any and all contributions, liquidated damages, and interest owed to the Plaintiffs which become due as a result of the audit.

      F.     Such further relief as the Court deems appropriate.

           Respectfully submitted,

Dated:  March 28, 2023     By:   /s/ Charles W. Gilligan
           Charles W. Gilligan (Bar No. 394710)
           **O'DONOGHUE & O'DONOGHUE LLP**
           5301 Wisconsin Avenue, N.W., Suite 800
           Washington, D.C. 20015
           Telephone: (202) 362-0041
           Facsimile: (202) 237-1200

           *Attorney for the Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 28th day of March, 2023, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>                     Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan

11